UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID SUMERA,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1528-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Supplemental Petition (ECF No. 14) filed by *pro se* Petitioner David Sumera ("Sumera") (#37063-034). Sumera is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Sumera challenges the legality and computation of his sentence.

Sumera cannot meet the requirements of the savings clause of § 2255(e) or establish an error in the computation of his sentence. Thus, Sumera's Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, and his Supplemental Petition (ECF No. 14) should be DENIED and DISMISSED.

I. Background

Sumera pleaded guilty to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Sumera*, 2:16-CR-226, E.D. La.; ECF No. 37. He was sentenced to 51 months of imprisonment. *Id.* at 2.

In his Petition (ECF No. 1), Sumera alleges that his conviction is unlawful under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In his Supplemental Petition (ECF No. 14), Sumera challenges the computation of his sentence.

II. Law and Analysis

A. Sumera cannot meet the requirements of the savings clause.

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381

(5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

First, Sumera cannot show that the savings clause is inadequate or ineffective because he has not yet filed a § 2255 motion. *Mireles v. Chandler*, 4:13-CV-452, 2014 WL 169638, at *2 (N.D. Tex. Jan. 15, 2014) (petitioner has not yet filed a § 2255

3

motion in the convicting court); *Berfect v. Young*, 07-CR-1129, 2007 WL 4561115, at *2 (W.D. La. Nov. 30, 2007).

Second, *Rehaif* merely clarified that, in prosecuting an individual under §§ 922(g) and 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knowingly violated each of the material elements of § 922(g). *Rehaif*, 139 S. Ct. at 2195-96. Thus, *Rehaif* did not announce a new rule of constitutional law. Rather, Rehaif addressed an interpretation of statutory law. *United States v. May*, 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), *report and recommendation adopted*, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation."); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction); *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D. N.C. 2019) ("*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2)").

Additionally, *Rehaif* does not apply retroactively to cases on collateral review. *See In re: Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (*Rehaif* did not announce a new rule made retroactive; it merely interpreted § 922(g)).

Furthermore, Sumera does not allege that he was unaware of his status as a convicted felon. *See United States v. Shobe*, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (*Rehaif* had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm"). In pleading guilty, Sumera stipulated that he had been convicted of three felony offenses. *United States v. Sumera*, 2:16-CR-226, E.D. La.; ECF No. 30 at 2-3. Even if *Rehaif* announced a new rule, it would not be applicable to Sumera.

Therefore, Sumera cannot establish that § 2255 is inadequate or ineffective to test the legality of his detention, and he cannot meet the requirements of the savings clause.

### B. Sumera is not entitled to additional sentencing credit.

In his Supplemental Petition, Sumera challenges the computation of his sentence and seeks federal sentencing credit from January 19, 2017, through November 15, 2017. *See* ECF No. 14 at 1.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, a federal sentence cannot commence prior to the date it is pronounced. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir.1980).

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Sumera was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on January 19, 2017, while he was serving a state parole revocation sentence. *See* ECF No. 18 at 5. The state sentence expired on November 3, 2017, but Sumera was not sentenced in federal court until November 15, 2017. *See id*. Therefore, Sumera's federal sentenced commenced on the date it was imposed.

The time during which Sumera was in "borrowed" federal custody—from January 19, 2017 through the end of his state sentence on November 3, 2017—was credited toward his state sentence. *See* ECF No. 18 at 5. Pursuant to § 3585(b), this time cannot also be credited toward his federal sentence. *See Pierce v. Fleming*, 150 Fed.Appx. 344, 345 (5th Cir.2005) (citing *Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir. 1972) (prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus ad prosequendum if the prisoner received credit for such time on his state sentence)).

Sumera received federal credit from the date his state sentence ended through the date the federal sentence commenced. ECF No. 18 at 5. He also received pre-

sentence credit for several days spent in state custody that the BOP determined had not been credited toward the state sentence.  *See id.*

According to the exhibits, Sumera has received all the credit to which he is legally entitled.

## III.  Conclusion

Because Sumera cannot show that § 2255 is inadequate or ineffective to test the legality of his conviction, his Petition (ECF No. 1) should DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Sumera's claim.[1]  And, because Sumera cannot establish that his sentence was unlawfully calculated, Sumera's Supplemental Petition (ECF No. 14) should be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE